**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| I.T.M., a minor, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 20-cv-2230 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| MIDWEST CAN COMPANY, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER AND MEMORANDUM**

I.T.M., a minor, James McCune, and Ljiljana Petrovice McCune, ("Plaintiffs") brought this suit against Midwest Can Company, LLC, and Container Specialties, Inc. ("Defendants") in the Circuit Court of Cook County. [See 2-1]. Defendants removed the case to this Court. [See 2]. Plaintiffs moved to remand [16]. For the reasons below, Plaintiffs' motion to remand [16] is denied. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than February 1, 2021.

**I.  Background**

Plaintiffs are citizens of Arizona and Defendants are citizens of Illinois. [2-1, at ¶ 1; 2, at ¶¶ 22–23]. As alleged in their complaint, I.T.M. and James McCune were severely burned after a gas can designed, manufactured, marketed, and distributed by Defendants exploded when James McCune used it while lighting a fire pit. [2-1, at ¶¶ 8–15]. Plaintiffs filed a complaint against Defendants in the Circuit Court of Cook County on March 12, 2020. [2-1]. Plaintiffs explain that service was delayed by several weeks because of the pandemic. [16-1, at 2–3]. Defendants were eventually served on April 13, 2020. [16-1, at 64]. However, four days earlier, on April 9, 2020, Defendants filed their notice of removal [2]. Plaintiffs moved to remand [16], arguing that the forum defendant rule prohibits Defendants from removing this case.

**II.  Analysis**

A defendant may "remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Defendants are Illinois citizens and therefore in-forum defendants. Plaintiffs argue that the court must remand under the forum defendant rule. Defendants respond that they removed the case before they were served [2; 16-1, at 64], and § 1441(b)(2) provides that an action "may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Although the Seventh Circuit has not yet determined whether § 1441(b)(2) bars preservice removal, three other circuit courts have determined that preservice removal is permissible. See *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018). Plaintiffs argue that the Court should not permit preservice removal based on (1) the statute's plain language, (2) the statute's purpose, and (3) the extenuating circumstances of the pandemic.

Courts interpreting the text of § 1441(b)(2) almost uniformly find that it permits preservice renewal. See, *e.g.*, *Texas Brine Co., L.L.C.*, 955 F.3d at 486–87 (noting that even the plaintiff "accepts that the statute's plain language allows" preservice removal); *Gibbons*, 919 F.3d at 704–05 ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law."); *Encompass Ins. Co.*, 902 F.3d at 152 ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."). As this Court previously summarized, "the majority of courts * * * look to the plain meaning of the statute and conclude that removal before service on an in-forum defendant is permissible based on the 'properly joined and served' language." *D.C. ex rel. Cheatham*, 323 F. Supp. 3d at 995.

In advancing their textual interpretation, Plaintiff relies on *Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286 (N.D. Ala. 2019), which admittedly "adopts a different approach," *id.* at 1289. The *Bowman* court focused on the word "any" in the phrase "if any of the parties in interest properly joined and served." *Id.* at 1289–1290. It explained that "[t]he word 'any,' as used in the text, is a pronoun; as such, it means 'one or more indiscriminately from all those of a kind.'" *Id.* at 1290 (quoting Webster's THIRD NEW INTERNATIONAL DICTIONARY 97 (3d ed. 1986)). It concluded that the text of § 1441(b)(2) "assumes the kind exists—that at least one party in interest has been properly joined and served. Thus, under this interpretation of the statute, when there is an in-state defendant, at least one defendant must have been properly joined and served before removing for diversity." *Id.* The Court does not find this reasoning persuasive and therefore declines to adopt it. See *Whipkey v. Eli Lilly & Co.*, 2020 WL 3248472, at *4 (S.D. Ind. June 16, 2020) (concluding that *Bowman*'s interpretation "is not a natural reading of the text"); *Papa Air LLC v. Cal-Mid Properties L.P.*, 2020 WL 3037068, at *5 (N.D. Ala. June 5, 2020) (explaining that *Bowman*'s "interpretation of the statute is atextual."). Instead, the Court agrees with the vast majority of courts in determining § 1441(b)(2)'s plain text permits preservice removal.

Plaintiffs next urge the Court to look toward the statute's purpose in order to avoid absurd results. [16, at 9–10, 12]. The general purpose of the forum defendant rule is "to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). "The purpose of the joined and served requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Grandinetti v. Uber Techs., Inc.*, 2020 WL 4437806, at *6 (N.D. Ill. Aug. 1, 2020).

To Plaintiffs' point, several courts in this district have employed a purposivist approach to determine that § 1441(b)(2) does not permit preservice removal. See, *e.g.*, *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 735 (N.D. Ill. 2007); *Holmstrom v. Harad*, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005). However, the majority of the courts—including this one in *D.C. ex rel. Cheatham*, 323 F. Supp. 3d 991—follow the plain meaning of the text. See *id.* at 995 ("[T]he majority of courts instead look to the plain meaning of the statute"); *Goodwin v. Reynolds*, , 2012 WL 4732215, at *3 (N.D. Ala. Sept. 28, 2012), aff'd, 757 F.3d 1216 (11th Cir. 2014) ("[T]he 'majority' of courts follow the plain language of 1441(b)"); *Robertson v. Iuliano*, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served.").

Plaintiffs argue that permitting preservice removal here would frustrate the statute's purpose by leading to absurd results. However, as several courts have noted, instead of being absurd, the plain language of § 1441(b)(2) provides "a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Gibbons*, 919 F.3d at 706; see also, *e.g.*, *Texas Brine Co., L.L.C.*, 955 F.3d at 486. Perhaps preservice removal is an unintended consequence of § 1441(b)(2), but such consequence is not enough to ignore the plain language of a statute. "Courts 'must give effect to the clear meaning of statutes as written.'" *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 935 (N.D. Ill. 2017) (quoting *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S.Ct. 1002, 1010 (2017)); *Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 707 (7th Cir. 1994) ("Subject to the standard proviso about absurd results, when the statute itself resolves the problem at hand that is an end to matters."). Accordingly, the Court declines to look beyond the plain text of the statute, in accord with the three circuit courts that have decided this issue. See *Texas Brine Co., L.L.C.*, 955 F.3d at 486–87; *Gibbons*, 919 F.3d at 704–07; *Encompass Ins. Co.*, 902 F.3d at 154.

Finally, Plaintiffs note that, but for the pandemic, the Defendants would have been served before they filed for removal. [16-1, at 2–3]. Defendants argue that plaintiff could have effectuated service through a private process server without first receiving a special appointment. [24, at 13–14]. Illinois law provides that "[i]n counties with a population of less than 2,000,000, process may be served, without special appointment, by a person who is licensed or registered as a private detective." 735 Ill. Comp. Stat. Ann. 5/2-202(a). Defendants assert that they are in a county of less than 2,000,000 people and that therefore Plaintiffs could have effectuated service through a private detective without need for special appointment. Plaintiffs counter that the law

3

refers to the county in which the lawsuit is filed—in this case, Cook County—as opposed to the county in which process is served. [25, at 4]. Although one court agrees with Plaintiffs' interpretation of the statute, see *Mun. Tr. and Sav. Bank, v. Moriarty*, 2020 WL 2111323, at *3–4 (Ill. App. 2020), the majority do not, see, *e.g.*, *U.S. Bank Nat. Ass'n v. Rahman*, 54 N.E.3d 866, 873–74 (Ill. App. 2016); *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 527 N.E.2d 693, 697 (Ill. App. 1988). However, the Court need not resolve this issue here. Although the Court is sympathetic to the difficulties for litigants caused by the pandemic, Plaintiffs cite to no authority that permits the Court to disregard the plain language of the statute. See *Texas Brine Co., L.L.C.*, 955 F.3d at 487 ("We will not insert a new exception into Section 1441(b)(2), such as requiring a reasonable opportunity to serve a forum defendant."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 154 n.4 (noting that the plain-text interpretation of § 1441(b)(2) could lead to abuse from defendants, but explaining that if it does, "the legislature is well-suited to address the issue"). Any alteration to this scheme must come from Congress. See *Service Corp. Int'l v. Stericycle, Inc.,* 2020 WL 6565253, at *4 (N.D. Ill. Nov. 9, 2020); *D.C. ex rel. Cheatham*, 323 F. Supp. 3d at 997.

### III.     Conclusion

For the reasons explained above, the Court denies Plaintiffs' motion to remand [16]. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than February 1, 2021.

Dated: January 19, 2021

_____
Robert M. Dow, Jr.
United States District Judge